UNITED STATES of America, Plaintiff—Appellee,

v.

**Antonia D. HICKS, Defendant— Appellant.**

No. 03–30485.

D.C. No. CR–02–00375–1–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan G. Loitz, Richard Edward Cohen, USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jeff Ellis, Attorney at Lae, Seattle, WA, for Defendant–Appellant.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Antonia Denise Hicks appeals her conviction on eight counts of wire fraud. She alleges that prosecutorial misconduct during her trial requires reversal of the convictions. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Hicks acknowledges that trial counsel failed to object to any of the prosecution's questions or argument that Hicks contends is objectionable. In order for us to notice the forfeited error, there must have been error, it must be plain (clear or obvious), and the error must affect substantial rights in that "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The Supreme Court teaches that Rule 52(b) authorizes the correction of only " 'particularly egregious errors,' those errors that 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' In other words, the plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.' " *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (citations omitted).

## I

Hicks alleges that it was improper for the prosecutor to ask questions whose answers required Hicks to call an FBI

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

agent and another witness liars. We have held that it is error to ask the defendant to call a prosecution witness a liar. *See United States v. Sanchez,* 176 F.3d 1214, 1219–20 (9th Cir.1999). However, "[a] prosecutor's improper questioning is not in and of itself sufficient to warrant reversal. It must also be determined whether the prosecutor's actions 'seriously affected the fairness, integrity, or public reputation of judicial proceedings, or where failing to reverse a conviction would result in a miscarriage of justice.'" *United States v. Geston,* 299 F.3d 1130, 1136 (9th Cir.2002) (citations omitted). In determining whether reversal is warranted, "[w]e may consider the relative strength of the parties' positions." *Id.* at 1137. We hold, due to the overwhelming evidence of Hicks' guilt, that reversal is not warranted in this case.

## II

■ Hicks next argues that the prosecutor alluded to facts outside the record when the prosecutor asked Hicks whether it was her understanding that her counsel had been given the opportunity to review the documents seized by the FBI. Hicks contends that the prosecutor's questions conveyed the impression that counsel for Hicks reviewed the documents, that government counsel was present, and that defense counsel failed to find any documents to corroborate Hicks' version of the events. Here, Hicks chose to take the stand in her own defense and stated that she had kept copies at her home of the invoices she submitted to Vulcan and that when the FBI searched her home, they took all of her financial records. As a result of her decision to testify, she was subject to questions regarding unprivileged matters that were "reasonably related" to her direct testimony. *United States v. Panza,* 612 F.2d 432, 438 (9th Cir.1979). We hold that the prosecutor's line of questioning did not constitute testimony regarding facts outside the record.

## III

■ Hicks also argues that the prosecutor shifted the burden of proof during cross-examination and argument by implying that Hicks had a duty to present exculpatory evidence. The prosecutor's questions were directed at determining the location of invoices key to Hicks' defense theory. In *United States v. Mares,* we held that, "[t]he prosecutor may comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify." 940 F.2d 455, 461 (9th Cir.1991). During closing argument the government correctly reminded the jury that the defendant had the "right to make the government prove the case against her" and that "[s]he has the right to ask you to acquit her if you are not firmly convinced that she is guilty." The district court also properly instructed the jury on the government's burden of proof, that the defendant was not required to present any evidence that she was not guilty, and that questions, arguments, and statements by lawyers were not evidence. We hold that the prosecutor's questions and comments were designed to highlight the weaknesses in Hicks' version of the events as presented through her testimony on direct examination and that they did not impermissibly shift the burden of proof to the defense.

## IV

Hicks also argues that the prosecutor improperly commented on Hicks' right to counsel. This argument finds no support in the record.

**AFFIRMED.**